UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ x
SEAN COMBS,                          :
                                     :
                    Plaintiff,       :  21-cv-996
                                     :
        v.                           :  COMPLAINT
                                     :
GBG SEAN JOHN LLC, GBG USA INC.,     :  DEMAND FOR JURY TRIAL
MISSGUIDED LIMITED, and MISSGUIDED USA:
(FINANCE) INC.,                      :
                                     :
                    Defendants.      :
                                     :
------------------------------------ x
```

Plaintiff Sean Combs ("Mr. Combs" or "Plaintiff"), by his attorneys, Jonathan D. Davis, P.C., for his complaint against Defendants GBG Sean John LLC, GBG USA Inc., Missguided Limited, and Missguided USA (Finance) Inc. (collectively, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. By this action, Plaintiff seeks to enjoin and restrain Defendants from unlawfully trading off of his name, image, likeness, and persona, without his approval, permission, or consent, and to recover the damages for the injuries they have caused him.

2. Defendants' unauthorized conduct has caused and will cause consumers to mistakenly believe that Mr. Combs endorses, sponsors, or approves of, and is affiliated with and connected to an apparel collection Defendants launched last fall under the SEAN JOHN trademark (the "GBG Collection").

3. The GBG Collection is available for sale worldwide. Defendants even created a 40-second advertisement for the GBG Collection using and exploiting Mr. Combs's name, image, likeness, and persona.

4. Defendants' conduct not only violates Mr. Combs's rights under the Lanham Act, 15 U.S.C. § 1125, which prohibits false endorsements, it violates his common law and statutory rights of publicity under the law of California, where he resides.

5. Plaintiff does not challenge Defendants' right to use the SEAN JOHN trademark, but rather Defendants' decision to leverage a fabricated quote they created and then falsely attributed to Mr. Combs, and to use Mr. Combs's name and other monikers to create the false and misleading impression that Mr. Combs is the decision-maker behind the designs and creation of the GBG Collection.

6. Although Mr. Combs demanded that Defendants cease and desist from using his name, image, likeness, and persona, Defendants did not take immediate and effective measures to correct the misperception and belief by the public that Mr. Combs endorses, sponsors, approves of, and is affiliated with the GBG Collection, choosing to take from Mr. Combs what they were unable to obtain from him, and to allow the public to be deceived in connection with their purchasing decisions.

**PARTIES**

7. Plaintiff Sean Combs is a world-famous entrepreneur, entertainer, executive, brand ambassador, and cultural visionary, who is a citizen and resident of the State of California.

8. Upon information and belief, Defendant GBG Sean John LLC ("GBG SJ") is a Delaware limited liability company with its principal place of business at 350 Fifth Avenue, 10th Floor, New York, New York 10118.

9. Upon information and belief, GBG SJ owns and operates, among other things, the website www.seanjohn.com (the "Sean John Website"), an interactive website that targets consumers in the State of New York – the fashion capital of the United States – and elsewhere.

10. Upon information and belief, Defendant GBG USA Inc. ("GBG USA") is a Delaware corporation with its principal place of business at 350 Fifth Avenue, 10th Floor, New York, New York 10118. Upon information and belief, GBG USA is the parent company of GBG SJ.

11. Upon information and belief, Defendant Missguided Limited ("Missguided Ltd.") is a foreign business entity, which maintains its principal place of business at 75 Trafford Wharf Road, Trafford Park, Manchester, M17 1ES, United Kingdom.

12. Upon information and belief, Defendant Missguided USA (Finance) Inc. ("Missguided USA", and together with Missguided Ltd., "Missguided") is a Delaware corporation, which maintains its principal place of business at 75 Trafford Wharf Road, Trafford Park, Manchester, M17 1ES, United Kingdom.

13. Upon information and belief, Missguided owns and operates, among other things, the website www.missguidedus.com (the "Missguided US Website"), an interactive website that targets consumers in the State of New York and elsewhere.

14. Missguided touts itself on the Missguided US Website as a "rapid fashion" company that "drop[s] up to 1000 brand new styles every week[.]"

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

16. Upon information and belief, venue of this action is properly found in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

17. Upon information and belief, Defendants are subject to the personal jurisdiction of this Court because they either have offices in the State of New York, and/or conduct business in this state using, among other things, interactive websites purposefully directed at New York residents, including the Missguided US Website and the Sean John Website.

## BACKGROUND FACTS

### A. Mr. Combs's Fame And Recognition

18. Mr. Combs began his career in the music industry before striking out on his own and founding Bad Boy Entertainment, a record label responsible for releasing iconic music and introducing the world to a roster of epic artists.

19. Mr. Combs has not only produced music for some of the biggest hip-hop artists and R&B acts of our times, but has himself released multiple albums as an artist. As a producer, performer, and label proprietor, Mr. Combs has achieved a level of success, recognition, and fame in the music industry that few ever attain.

20. He has not just confined his talents to creating music. He has starred in movies, television shows, and performed on Broadway. He has also set up charter schools for children in underserved areas, and is responsible for founding, developing, acquiring, and promoting multiple brands in a variety of industries, including the fashion industry, where he launched the SEAN JOHN clothing brand in 1998, which was owned by Christian Casey, LLC. The SEAN JOHN brand rose to critical and commercial success as a premier lifestyle brand in the United States and around the world before it was sold to GBG SJ.

21. After decades in the spotlight, Mr. Combs has garnered a huge social media following. Consumers of all ages and backgrounds around the world turn to Mr. Combs for cues and clues about the products and services that are worthy of their attention.

22. Because of Mr. Combs's ability to garner the attention of consumers, and to focus that attention on products and services he associates himself with, Mr. Combs is able to monetize his marketing power with companies that want to use and exploit his name, image, likeness, and persona. Over the course of his varied career, Mr. Combs has generated enormous sums of money from using and exploiting his name, image, likeness, and persona.

23. Because Mr. Combs's name, image, likeness, and persona are an extremely valuable asset, he zealously guards his publicity rights and carefully evaluates whether, and to what extent, those rights may be exploited by others.

**B. GBG SJ Enters a License Agreement with Missguided**

24. Upon information and belief, GBG SJ and Missguided entered into a license agreement for the creation and distribution of the GBG Collection bearing the SEAN JOHN trademark (the "SJ/Missguided Agreement").

25. The SJ/Missguided Agreement was entered into without Mr. Combs's knowledge, approval, or consent. And Mr. Combs has never endorsed the GBG Collection, which is branded "sean john x missguided" and "Sean John x Missguided."

26. Mr. Combs has neither granted Defendants the right to use his name, image, likeness, or persona in conjunction with the GBG Collection, nor has he agreed to make a public statement or appearance in support of the GBG Collection.

27. Nevertheless, before the GBG Collection launched on September 29, 2020, it received significant media attention, including an article titled "**P.Diddy Releases First Sean**

**John Women's Collaboration With Missguided**" published on the website www.365retail.co.uk, which falsely attributed the following quote to Mr. Combs:

> 'This is an exciting partnership for Sean John, we feel like the time is right to bring a strong, style-driven collection to market for women. We couldn't think of a better partner than Missguided, because they get it. Over the years, women have supported the brand, worn our iconic velour tracksuits and have been asking for a collection, so here it is!' says founder, Sean Combs.

28. Mr. Combs never uttered the above statement attributed to him (the "Falsified Combs Statement"), and the purported facts and sentiments in the quote are fabricated.

29. Upon information and belief, Defendants jointly authored and approved the quote falsely attributed to Mr. Combs, and never provided the statement to Mr. Combs for his review and/or approval.

30. The GBG Collection was also covered by Women's Wear Daily a/k/a WWD in an article titled: "**EXCLUSIVE: Sean Jean Releases First Women's Collaboration With Missguided**", and by Page Six in the New York Post in an article titled: "**Jennifer Lopez, Rihanna inspire new Sean John x Missguided collaboration**."

31. Upon information and belief, Defendants did not seek Mr. Combs's approval of the above statement attributed to him because they knew, or should have known, he would have refused it.

32. The GBG Collection is available on the Missguided US Website and other websites owned and operated by Missguided. Those sites target consumers around the world, including consumers in Australia, Germany, Spain, France, Ireland, Poland, and the EU.

33. The GBG Collection is labeled, advertised, and promoted as a "collaboration" on the Missguided US Website, which includes the following introduction:

## Sean John x Missguided

SEAN JOHN x MISSGUIDED FOR THE FUTURE ICONS. Introducing the new 'classics' collection with legendary streetwear brand Sean John. Discover next level pieces inspired by the original streetwear heritage of Sean John. *Founded by Sean Combs, or P.Diddy, in 1998, the Sean John x Missguided collaboration is the first ever women's range from the iconic brand.* The range offers exclusive Sean John branded joggers with matching hoodies, oversized t-shirts, bike shorts, mini dresses, leggings, bodysuits, lingerie and accessories.

(Emphasis added.)

34. The promotional statement quoted above from the Missguided US Website (the "Falsified Founding Statement", and together with the Falsified Combs Statement and all other promotional materials exploited by Defendants using Mr. Combs's name, image, likeness, or persona, the "Unapproved Material") misstates Mr. Combs's connection to the GBG Collection.

35. The GBG Collection, which includes over 100 products that are presently available on the Missguided US Website, was not founded by Mr. Combs, and he is not responsible for or involved in the "Sean John x Missguided collaboration."

36. The GBG Collection is also advertised and promoted on the Sean John Website, which includes the following copy to introduce the collaboration:

## The 'Classics' Collection Featuring BIA

'Real disruption that resonates with customer [*sic*] isn't just about getting ranges and collaborations right, it's about being prepared to break new ground,' said Missguided Founder and CEO Nitin Passi.

Global fashion brand MISSGUIDED and iconic streetwear legend SEAN JOHN proudly present this fall's must-have capsule collection SEAN JOHN X MISSGUIDED The Classics.  Sean john's [*sic*] first women's collaboration, this capsule was designed to empower women to be seen, use their voices and embrace individuality.

37. Two buttons appear after the above copy on the Sean John Website. One button takes users to "SEE THE FULL COLLECTION" and the other button allows users to "SHOP NOW." Clicking on either button takes users to one of the Missguided websites that includes the Falsified Founding Statement.

38. Without Mr. Combs's permission or consent, Defendants also created a 40-second advertisement for the GBG Collection that promotes the apparel using the words "Sean John x Missguided" and Mr. Combs's name, image, likeness, and persona.

39. Upon information and belief, Defendants are using the Unapproved Material, which contains false or misleading representations of fact, to promote and sell the items in the GBG Collection because they understand that associating it with Mr. Combs will significantly increase sales and profits. And upon information and belief, consumers understand that the use of a person's name, image, likeness, and persona to promote and sell products like the GBG Collection cannot be used without that person's approval, permission, or consent.

40. Upon information and belief, Defendants are jointly responsible for, and jointly participated in, all of the advertising and promotion for the GBG Collection including, among other things, the creation and dissemination of the Unapproved Material.

**COUNT I**
**(False Endorsement, 15 U.S.C. § 1125(a))**
**(Against All Defendants)**

41. Plaintiff repeats and realleges the allegations in paragraphs 1 through 40 as if set forth at length herein.

42. Mr. Combs has neither approved of nor ever endorsed the GBG Collection, and he did not participate in any aspect of the GBG Collection's creation or design.

43. Defendants have used and are using, among other things, Mr. Combs's name, image, likeness, and persona in the Unapproved Material in a manner that is likely to cause consumers to be confused, mistaken, or deceived as to the affiliation, connection, or association between Mr. Combs, on the one hand, and the creation, design, offering, and sale of the GBG Collection, on the other hand.

44. Defendants have used and are using, among other things, Mr. Combs's name, image, likeness, and persona in the Unapproved Material in a manner that is likely to cause consumers to be confused, mistaken, or deceived as to whether Mr. Combs endorses, sponsors, or approves of the GBG Collection.

45. Defendants have intentionally used Mr. Combs's name, image, likeness, and persona in the Unapproved Material in connection with the advertisement, promotion, sale, offering for sale, and distribution of the GBG Collection, knowing that they did not have Mr. Combs's permission or consent to do so.

46. Defendants' unauthorized use of Mr. Combs's identity in the Unapproved Material in connection with the advertisement, promotion, sale, offering for sale, and distribution of the GBG Collection through, among other things, the Missguided US Website and the Sean John Website constitutes Defendants' use and exploitation of the Unapproved Material and of Mr. Combs's identity in commerce.

47. Defendants are unlawfully benefiting and profiting from the Unapproved Material by falsely creating the misperception and belief among consumers that the GBG Collection is endorsed, sponsored, or approved by Mr. Combs, and/or that its creation or design is affiliated, connected, or associated with him.

48. Defendants have misappropriated the goodwill that Mr. Combs has developed over his long-running and successful career and misdirected that goodwill to the GBG Collection without his permission or consent.

49. Defendants' acts constitute a willful false endorsement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendants' acts have damaged Mr. Combs, financially and otherwise, and will continue to damage Mr. Combs.

51. Defendants have made, and will likely continue to make, substantial profits and gains that they are not entitled to receive, whether in law or in equity.

52. Mr. Combs has no adequate remedy unless Defendants are permanently enjoined and restrained from violating his rights by, among other things, continuing to use and exploit his name, image, likeness, and persona in the Unapproved Material and in connection with the advertising and sale of the GBG Collection.

## COUNT II
**(Common Law Right of Publicity/Misappropriation of Likeness or Identity)**
**(Against All Defendants)**

53. Plaintiff repeats and realleges the allegations in paragraphs 1 through 52 as if set forth at length herein.

54. Defendants used and exploited Mr. Combs's identity in the Unapproved Material to advertise, promote, and sell the GBG Collection.

55. Defendants appropriated Mr. Combs's identity to Defendants' commercial advantage by using and exploiting it in the Unapproved Material to advertise, promote, and sell the GBG Collection.

56. Mr. Combs never granted Defendants permission or consent to use his identity in the Unapproved Material to advertise, promote, and sell the GBG Collection, or for any other commercial purpose related to the GBG Collection.

57. As a result of Defendants' use and exploitation of Mr. Combs's identity in the Unapproved Material, Mr. Combs has been substantially harmed by his association with products he has not approved or endorsed.

58. Defendants' acts have damaged Mr. Combs, financially and otherwise, and will continue to damage Mr. Combs.

59. Defendants' use and exploitation of Mr. Combs's name, image, likeness, and persona in the Unapproved Material was a substantial factor in causing Mr. Combs's harm.

60. Because Defendants acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of Mr. Combs's interests, and subjected him to unjust hardship, Mr. Combs is entitled to punitive damages.

61. Mr. Combs has no adequate remedy unless Defendants are permanently enjoined and restrained from violating his rights by, among other things, continuing to use and exploit his name, image, likeness, and persona in the Unapproved Material and in connection with the advertising and sale of the GBG Collection.

### COUNT III
**(Statutory Right of Publicity – Cal. Civil Code § 3344)**
**(Against All Defendants)**

62. Plaintiff repeats and realleges the allegations in paragraphs 1 through 61 as if set forth at length herein.

63. Defendants knowingly used and exploited Mr. Combs's name, image, likeness, and persona in the Unapproved Material to advertise, promote, and sell the GBG Collection.

64. Defendants' use and exploitation of Mr. Combs's name, image, likeness, and persona in the Unapproved Material did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign.

65. Defendants' use and exploitation of Mr. Combs's name, image, likeness, and persona in the Unapproved Material was directly connected to Defendants' commercial purpose to advertise, promote, and sell the GBG Collection and to advertise and promote their businesses.

66. As a result of Defendants' use and exploitation of Mr. Combs's name, image, likeness, and persona in the Unapproved Material, Mr. Combs has been substantially harmed because, among other things, of his affiliation and connection to the GBG Collection without his permission or consent.

67. Defendants' acts have damaged Mr. Combs, financially and otherwise, and will continue to damage Mr. Combs.

68. Defendants' use and exploitation of Mr. Combs's name, image, likeness, and persona in the Unapproved Material was a substantial factor in causing Mr. Combs's harm.

69. As a result of Defendants' conduct, Mr. Combs is entitled to recover actual, special, and statutory damages, profits attributable to the unauthorized use and exploitation of his name, image, likeness, and persona, as well as attorney's fees and costs.

70. Because Defendants acted fraudulently, willfully, maliciously, oppressively, and with intentional disregard of Mr. Combs's interests, and subjected him to unjust hardship, Mr. Combs is entitled to punitive damages.

71. Mr. Combs has no adequate remedy unless Defendants are permanently enjoined and restrained from violating his rights by, among other things, continuing to use and exploit his

name, image, likeness, and persona in the Unapproved Material and in connection with the advertising and sale of the GBG Collection.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Under Count I, awarding Plaintiff damages in an amount to be proven at trial, but not less than $25,000,000, ordering Defendants to account to and pay to Plaintiff all profits realized by their wrongful acts, in accordance with 15 U.S.C. § 1117, and directing that such profits and actual damages be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

B. Under Count II, awarding Plaintiff damages in an amount to be proven at trial, but not less than $25,000,000.

C. Under Count III, awarding Plaintiff damages in an amount to be proven at trial, but not less than $25,000,000, statutory damages as appropriate, and disgorging Defendants' profits from their wrongful acts.

D. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§ 1116, 1125(a), and the common law, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. Using, exploiting, or displaying Mr. Combs's name, image, likeness, voice, or persona in any way and for any purpose, including for purposes of advertising or promoting the GBG Collection or any other product manufactured, sold, or distributed by one or more of Defendants, now or in the future, without Mr. Combs's written consent or permission.

2. Using or displaying Mr. Combs's name, image, likeness, voice, or persona on

any website or webpage or using any other method to distribute information without Mr. Combs's written consent or permission.

      3. Engaging in any other activity constituting a violation of Mr. Combs's right of publicity or other rights in his name, image, likeness, voice, or persona.

    E. Ordering Defendants to file with this Court and to serve on Mr. Combs within thirty days after entry of the injunction a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

    F. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and the trade from deriving any erroneous impression that Mr. Combs has either endorsed, sponsored, or approved of the GBG Collection, or has been affiliated, connected, or associated with the GBG Collection, including its creation, design, advertising, or sale.

    G. Awarding Plaintiff punitive damages to which he is entitled under applicable federal or state law, statute, or rule.

    H. Awarding Plaintiff his costs, attorney's fees and expenses to the full extent provided for under federal or state law.

    I. Awarding Plaintiff pre-judgment interest on any monetary award made part of the judgment against Defendants.

J.   Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated:   February 3, 2021
         New York, New York

                                              JONATHAN D. DAVIS, P.C.

By:   */s/ Jonathan D. Davis*
      Jonathan D. Davis
      Derek A. Williams
      Milton E. Otto
      10 Rockefeller Plaza
      Suite 1015
      New York, New York 10020
      (212) 687-5464

      *Attorneys for Plaintiff Sean Combs*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: February 3, 2021
New York, New York

JONATHAN D. DAVIS, P.C.

By: */s/ Jonathan D. Davis*
Jonathan D. Davis
Derek A. Williams
Milton E. Otto
10 Rockefeller Plaza
Suite 1015
New York, New York 10020
(212) 687-5464

*Attorneys for Plaintiff Sean Combs*